**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| AMERISTAR CASINO KANSAS | ) | |
| CITY, INC., and | ) | |
| | ) | |
| AMERISTAR CASINO ST. CHARLES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-0264-DGK |
| | ) | |
| TAI PING CARPETS AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

This dispute arises from Plaintiffs Ameristar Casino Kansas City, Inc. and Ameristar Casino St. Charles, Inc.'s purchase of carpet from Defendant Tai Ping Carpets Americas, Inc. ("Tai Ping"). Plaintiffs allege that shortly after they purchased and installed the carpet, it began to prematurely wear and lose its original texture and color. Plaintiffs are suing Tai Ping for breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

Now before the Court is Tai Ping's motion to dismiss for improper venue (Doc. 5). Tai Ping contends the parties' contract contains a mandatory forum selection clause requiring any lawsuit be heard in Gordon County, Georgia. Finding that Tai Ping has failed to establish that the forum selection clause is part of the parties' contracts, the motion is DENIED.

### Standard of Review

Tai Ping's motion is brought as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). "Unlike a motion brought under Rule 12(b)(6), when a motion is brought under Rule 12(b)(3), the Court is not required to accept the pleadings as true and may consider facts

outside of the pleadings." *Thomas v. Auto. Tech., Inc.*, No. 4:12CV00775-ERW, 2012 WL 3763750, at *1 (E.D. Mo. Aug. 29, 2012). A defendant moving to dismiss under 12(b)(3) bears the burden of demonstrating that the plaintiff's choice of venue is improper. *Mounger Const., LLC v. FiberVision Cable Servs., LLC*, No. 2:11cv00081-ERW, 2012 WL 4793764, at *3 (E.D. Mo. Oct. 9, 2012). "Generally, the moving party makes its required showing by submitting affidavits or other evidence." *Id.*

Forum selection clauses are presumptively valid unless unjust, unreasonable, or invalid. *Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). A mandatory forum selection clause "should control absent a strong showing that it should be set aside." *Id.*

### Differing Factual Claims

The parties agree that from 2007 through early 2009, Ameristar Casinos, Inc. ("Ameristar") subsidiaries located in Indiana, Iowa, and Mississippi purchased carpet from Tai Ping and installed it in their respective casinos. Based upon the quality and performance of these carpets, Plaintiffs each placed an order for carpet with Tai Ping. The parties dispute how these sales occurred and whether their contracts included a forum selection clause.

Tai Ping has submitted the affidavit of Lise Beasley who has worked for Tai Ping for twenty years. Ms. Beasley is currently a project support manager; in the previous ten years she worked as the director of customer service. She states that in both positions she was personally familiar with the process by which Tai Ping received and filled orders. She states that in the ordinary course of business, Tai Ping would receive an inquiry or a bid request for carpet from a prospective customer. Tai Ping would then prepare a pro forma invoice describing the product to be supplied, quoting a price, and including other details. Ms. Beasley states it was Tai Ping's "custom and practice to provide the attached terms and conditions with the pro forma invoice to

a prospective customer," and that she is not aware of any instance in which Tai Ping failed to provide the terms and conditions to a customer prior to the carpet shipping from port or at time of invoice.

She also states that "Tai Ping has not located a copy of the Terms and Conditions that have been signed by Ameristar, but it is my belief based on my personal experience and history with Tai Ping that the Terms and Conditions would have been provided to Ameristar as a normal business practice." She also claims that "[a]s a routine matter, subsequent to delivering the pro forma invoice, Tai Ping would receive some order or confirmation that the customer wanted to accept the proposal contained in the previously provided quote." A final payment invoice would be delivered at the time the order was completed.

Among other items attached to her affidavit is a one page document titled "Terms of Sale" that lists, in small print, thirty-one different conditions. Condition number fifteen under "Claims, Complaints and Remedies" states that, "Any action by Purchaser for breach of this Agreement must be commenced within one year after the cause of action has accrued. Purchaser agrees with The Company that any Court action in connection with the sale of the goods subject to these terms shall be Gordon County, Georgia."

Plaintiffs contend they bought the carpet by issuing purchase orders. They contend Tai Ping accepted their orders, and, as in previous transactions with the other Ameristar subsidiaries, Tai Ping did not counteroffer or disclose any terms and conditions relating to its sale of carpet that included a forum selection clause. They have submitted an affidavit from John Annillo, the Ameristar's Director of Procurement. Annillo states that he negotiated the purchase price of the carpet on behalf of the Plaintiffs, and he does not recall at any point during the negotiation process Tai Ping presenting him with, or asking him to agree to, the Terms of Sale document.

He states to his knowledge Tai Ping never provided Ameristar or the Plaintiffs with the Terms of Sale. He claims he did not agree to the Terms of Sale or any of its provisions, nor did he execute the Terms of Sale. In fact, he does not recall ever seeing Tai Ping's Terms of Sale.

Plaintiffs have also submitted the affidavit of David Schulte, Plaintiff's Regional Director of Purchasing from August 2008 through 2010. Schulte states that he issued Plaintiffs' purchase orders to Tai Ping, that these purchase orders were subsequently modified on several occasions, and that he believed these purchase orders governed the carpet purchases. He claims Tai Ping's pro forma invoices were not part of any contract between the parties and that Tai Ping never provided Ameristar with the Terms of Sale. Mr. Schulte also states he did not agree to any of the provisions in the Terms of Sale; he never executed a Terms of Sale; and that under Ameristar's corporate policy only a property general manager or other corporate officers are authorized to execute agreements that include terms and conditions like those in Tai Ping's Terms of Sale.

## Discussion

Plaintiffs argue their lawsuit was properly filed in the Western District of Missouri, and Tai Ping's motion to dismiss is based on a forum selection clause that (1) was never seen by Plaintiffs, (2) was never executed or agreed to by the parties, (3) was not included or referenced by the parties' contracts, and (4) is invalid on its face.

Tai Ping responds by attacking Plaintiffs' affidavits, noting the affiants do not deny seeing the Terms of Sale, they simply claim they "do not recall" seeing it. Additionally, Tai Ping argues Ameristar's failure to sign the Terms of Sale document is irrelevant. Tai Ping suggests it is common in the industry for terms of sales, as well as purchase orders, to not be signed because most industry communications occur via email and pro forma invoices, purchase orders, and

even terms of conditions are incorporated by reference without signatures. Tai Ping notes, for example, that Plaintiffs' purchase orders do not even contain a signature line.

Tai Ping further suggests that Plaintiffs' claim that the Terms of Sale were not included or referenced in the parties' contract is simply incorrect. Tai Ping maintains its pro forma invoices to which the Terms of Sale were allegedly attached are essential components of the parties' contracts and contained such detailed terms that the only action needed to be taken by Plaintiffs was to accept or reject Tai Ping's offer. Tai Ping argues that each Plaintiff accepted Tai Ping's offer and the incorporated conditions.

The Court holds that given the existing record, the Court cannot determine whether the parties' contracts incorporate the Terms of Sale containing the forum selection clause. Accordingly, the Court holds Tai Ping has not met its burden of demonstrating that Plaintiff's choice of venue is improper. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:   December 12, 2013                    /s/ Greg Kays_____
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT